UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| NATHAN E. KETTERMAN, SR. ) | |
| ) | |
| v.  ) | NO. 2:08-CV-129 |
| ) | |
| DR. DANIEL J. PAUL[1] and CARTER ) | |
| COUNTY JAIL ADMINISTRATORS ) | |

## MEMORANDUM and ORDER

Proceeding *pro se*, Nathan E. Ketterman, Sr., a prisoner in the Carter County Detention Center (CCDC) in Elizabethton, Tennessee, brings this civil rights action for injunctive relief under 42 U.S.C. § 1983 against the physician at the CCDC and yet-to-be identified CCDC administrators. Defendant Dr. Daniel J. Paul has filed an unopposed motion to dismiss or, alternatively, for summary judgment. [Doc. 5]. If matters outside the pleadings are presented to a court and not excluded, then a motion to dismiss for failure to state a claim must be treated as a motion for summary judgment. *See* Fed. R. Civ. P. 12(c). Here, an affidavit, a statement of material facts, and a brief have been offered in support of defendant's motion and, thus, the Court

---

[1] Though plaintiff's complaint identified this defendant by title and last name only, defendant's motion and supporting documents show that his full name is "Daniel J. Paul." The Court has used defendant's full name, where appropriate, in this opinion.

will review the motion under the summary judgment standard. [Docs. 6, 9, and 10]. For the following reasons, defendant Paul's motion will be **GRANTED** and this action will be **DISMISSED**.

### I. Standard of Review

Summary judgment may be granted only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). However, once a motion for summary judgment is made and supported with affidavit testimony, the non-moving party cannot rest upon the mere allegations or denials in its pleadings, but must present specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). Indeed, that party "must present significant probative evidence in support of its complaint to defeat the motion for summary judgment." *Expert Masonry, Inc. v. Boone County, Ky.*, 440 F.3d 336, 341 (6th Cir. 2006). If the non-moving party does not so respond, summary judgment, where appropriate, will be granted. Fed. R. Civ. P. 56(e).

### II. Factual Background

In his complaint, plaintiff alleged that the defendant doctor was denying him medications. More specifically, plaintiff asserted that Dr. Paul would not give him Gleevec, to treat his leukemia, and Paxel for depression.

In his affidavit, defendant Paul avers that he became acquainted with plaintiff in 2005, when plaintiff was confined in the CCDC. Plaintiff told defendant that he had leukemia, that he was taking Gleevec [a cancer drug], and also a medication after having had knee surgery. Defendant continued the Gleevec, which plaintiff carried with him, but discontinued the other medication, based upon his examination of plaintiff.

Defendant's next encounter with plaintiff occurred on April 5, 2008, when plaintiff—again incarcerated in the CCDC—submitted a sick call request. Plaintiff had brought no medication and no medical records with him. Dr. Paul informed plaintiff that, because of the Health Insurance Portability and Accountability Act of 1996 ["HIPPA"], he would have to sign a release to authorize defendant doctor to gather his medical records from his current physician to ascertain what medications he was receiving presently and whether his physician recommended continuing the medications. Plaintiff refused to sign the release and, despite Dr. Paul's cautioning that, without any record as to what plaintiff was taking currently, defendant doctor could not put him on any medication, he remained adamant about not signing a release.

Defendant Paul avers that he did not choose an easier but less efficacious course of treatment; that, absent a signed release form from plaintiff, he could not

legally or ethically give him any treatment, especially a medication like Gleevec, which could kill him; that he was not indifferent to his complaints; and that he would be more than happy to prescribe medications, if plaintiff either signs a medical release form to permit defendant doctor to verify that plaintiff's current physician recommends continuation of Gleevec, or brings in the medications, if available, and shows a valid current prescription for them.

### III. **Law and Analysis**

Punishments that involve the unnecessary and wanton infliction of pain are proscribed by the Eighth Amendment. Deliberate indifference to the serious medical needs of prisoners constitutes an unnecessary and wanton infliction of pain and, therefore, a violation of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). In order to establish "deliberate indifference" on the part of defendant, plaintiff must satisfy both an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective component requires plaintiff to show a "sufficiently serious" deprivation and the subjective component requires him to show that a defendant acted with a conscious disregard to a substantial risk of serious harm to him. *See Id.*, at 837.

In this case, by the uncontested affidavit testimony of Dr. Paul, plaintiff refused to sign a release to enable Dr. Paul to obtain plaintiff's medical records, which

4

in turn, would allow Dr. Paul to determine plaintiff's current medication regimen and whether his physician recommended that the regimen be continued. Nor did plaintiff bring in the desired medications and show a current valid prescription for them. Defendant Paul avers that, absent one course of action or the other, both HIPPA and professional ethics prohibit him from prescribing those medications. Defendant Paul did not disregard the plaintiff's need for medical care, but took reasonable steps to render it. Any failure in this regard lies solely with plaintiff.

The Court concludes that plaintiff has not shown any evidence of deliberate indifference on the part of the defendant doctor. Because the questioned conduct cannot be said to constitute an unnecessary and wanton infliction of pain, the allegations regarding such conduct do not state a valid claim under the Eighth Amendment.

IV. **Conclusion**

Accordingly, for all the above reasons, defendant's motion for summary judgment will be **GRANTED** based on plaintiff's failure to state a claim for relief against him under § 1983. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). And because plaintiff has no claim against Dr. Paul for denial of medications, clearly he has no claim for injunctive relief against the unidentified defendant CDC administrators based on being denied certain medications. Therefore, this action will be **DISMISSED** in its entirety.

5

Case 2:08-cv-00129-JRG-DHI   Document 11   Filed 09/22/08   Page 5 of 6   PageID #: 41

A separate order will enter.

**ENTER**:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE

6